IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AARON MEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:24-cv-03099-MDH |
| | ) | |
| CHRIS DEGASE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Plaintiff's *Pro Se* Motion for a Temporary Restraining Order ("TRO") (Doc. 73). This motion arises from Plaintiff being arrested on April 23, 2025, for alleged harassment, stalking and resisting arrest. Defendant and/or his deputies arrested Plaintiff based on a warrant from the 44th Judicial Circuit, Douglas County, Missouri.

Plaintiff is now requesting this Court to enter a TRO enjoining Defendant from prohibiting further arrest or detention of Plaintiff without court pre-approval and verified probable cause. Plaintiff additionally asks the Court to take judicial notice of the April 23, 2025, arrest, declare the arrest violated Plaintiff's First and Fourth Amendment rights, and inquire into the status of Plaintiff's habeas corpus petition filed in Douglas County, Missouri. The Court will take each request in turn.

I.  TRO

In analyzing a request for a TRO, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties;

1

and 4) the public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). "No single factor is dispositive;" rather, the court must consider all factors to determine whether on balance they weigh towards granting the remedy. *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

Plaintiff has failed to demonstrate that he is entitled to a TRO in this case. The Court is not persuaded that Plaintiff would succeed on the likelihood of success on the merits based upon the allegations Plaintiff raises in his motion. Plaintiff argues that "[a]t the time, Plaintiff was not engaged in any criminal activity, nor did officers present a warrant. There were no exigent circumstances to justify a warrantless arrest at the threshold of Plaintiff's private residence." (Doc. 73, ¶ 2). However, Plaintiff then describes the reason for the arrest being based "on a new complaint by Plaintiff's stepsister, with whom Plaintiff is engaged in an ongoing land dispute. Plaintiff asserts that the complaint was retaliatory and baseless, made with intent to escalate a civil dispute into a criminal manner." *Id*. at ¶ 3. Plaintiff has not attached the complaint from his stepsister or provided any more details regarding the underlying complaint and reason for his arrest. The Court, through CaseNet, has found the underlying complaint based upon the April 23, 2025, incident. The Defendant and/or his deputies arrested Plaintiff based on probable cause to believe the accused committed harassment in the first degree, and stalking in the first degree. *See St. v. Aaron Edward Meier* 25DG-CR00171. Plaintiff is also alleged to have resisted arrest during the April 23, 2025, incident. Based on this information the Court finds Plaintiff has a low likelihood of success on the merits.

Plaintiff has not made any arguments relating to the other three factors necessary in determining whether a TRO is appropriate. Plaintiff has bonded out and thus the Court at this does not find in the absence of a TRO that Plaintiff would suffer irreparable harm. *See St. v. Aaron*

2

*Edward Meier* 25DG-CR00171. Likewise, neither the balance or equities or public interest would weigh in favor of Plaintiff based upon the lawful arrest of Plaintiff according to the underlying criminal complaint charges filed.

The Court having considered all factors to determine whether on balance they weigh towards granting a TRO, this Court finds entry of a TRO improper. For foregoing reasons, Plaintiff's *Pro Se* Motion for a TRO is **DENIED**.

II. **Judicial Notice**

Plaintiff asks this Court to take judicial notice of the April 23, 2025, arrest as part of an ongoing pattern of retaliation and abuse of process. (Doc. 73, ¶ 10a). "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined form sources who accuracy cannot reasonable be questioned." Fed. R. Evid. 201.

Here, Plaintiff is asking for judicial notice of the arrest as part of an ongoing pattern of retaliation and abuse of process. However, given the complaint filed in state court it does not appear that the April 23, 2025, incident was based on any retaliation or abuse of process. The Court therefore will deny Plaintiff's *Pro Se* Motion for Judicial Notice. For the reasons stated, Plaintiff's Pro Se Motion for Judicial Notice is **DENIED**.

III. **Declaratory Relief**

Plaintiff next asks the Court for declaratory relief that "arresting a person just outside their home without a warrant, probable cause, or exigent circumstances violates the Fourth Amendment." (Doc. 73, ¶ 10b). Plaintiff also asks the Court to declare that "using retaliatory complaints from hostile private parties as a basis for arrest particularly when relating to ongoing litigation, violates the First Amendment." *Id*. at ¶ 10c. Given the information from the state case

3

Case 6:24-cv-03099-MDH    Document 76    Filed 05/06/25    Page 3 of 4

and what has already been discussed above, the Court finds no reason to grant this request given the circumstances presented. Further, the state court must be given the first opportunity to review constitutional claims. *Heck v. Humphrey*, 512 U.S. 477, 484–85, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). The federal courts share concerns for finality and consistency and have generally declined to expand opportunities for collateral attack on a state's judgment. *Id*. For the foregoing Plaintiff's *Pro Se* Motion for Declaratory Relief is **DENIED**.

### IV. Habeas Corpus Petition

Lastly, Plaintiff asks this Court to inquire into the status of Plaintiff's habeas corpus petition filed in Douglas County, Missouri and whether it has been transmitted or received by the Court. (Doc. 73, ¶ 10e). The Court to date has not received any petition for habeas corpus related to Plaintiff that has been filed in Douglas County, Missouri. The Court however has received Plaintiff's *Pro Se* Emergency Motion for Relief and Supplemental Petition for Writ of Habeas Corpus. (Doc. 74).

### CONCLUSION

The Court having considered all factors to determine whether on balance they weigh towards granting a TRO, this Court finds entry of a TRO improper. For foregoing reasons, Plaintiff's *Pro Se* Motion for a TRO is **DENIED**. It is **FURTHER ORDERED** that to the extent Plaintiff's Motion asks for declaratory relief and judicial notice, those motions are also **DENIED**.

**IT IS SO ORDERED**.

DATED: May 6, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**
