IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AARON MEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:24-cv-03099-MDH |
| | ) | |
| CHRIS DEGASE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 60). Defendant has filed suggestions in support (Doc. 61), Plaintiff has filed suggestions in opposition (Doc. 62), and Defendant has filed his reply. (Doc. 64). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This case arises from the arrest of Plaintiff on the charge of making a terroristic threat stemming from an incident in the county courthouse of Douglas County, Missouri on January 4, 2023. Plaintiff is a resident of Ava, Missouri and Defendant is the Sheriff of Douglas County, Missouri.

On January 4, 2023, Plaintiff was heard by witnesses making statement to the effect of "that's why people will burn the courthouse down", and "burn the courthouse down". Plaintiff made these statements shortly after having been found guilty at a municipal ordinance violation bench trial. Detective Nathan Long investigated the incident and included the results in a probable

1

cause statement. Detective Long stated that there was probable cause to believe that Plaintiff made a criminal terroristic threat in violation of Missouri Revised Statute § 574.115. On January 10, 2023, the Prosecuting Attorney for Douglas County advised Defendant to arrest Plaintiff for making a terroristic threat. Defendant arrested Plaintiff on that same date. Plaintiff was charged with the class E felony of making a terroristic threat in violation of Mo. Rev. Stat. § 574.120. Plaintiff was later acquitted. Plaintiff brings suit in this case under a false arrest/malicious prosecution theory based on the fact he was arrested.

Defendant brings his Motion for Summary Judgment arguing that Plaintiff has failed to state a claim upon which relief can be granted. Alternatively, Defendant argues that he is entitled to qualified immunity. The Court will take each argument in turn.

## STANDARD

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

2

**ANALYSIS**

First, the Court must resolve an issue with the statement of uncontroverted facts. Plaintiff in his suggestions in opposition has failed to admit or controvert each separately numbered paragraph in the movant's statement of facts as mandated by Local Rule 56(b)(1). Local Rule 56(b)(1) states:

> A party opposing a motion for summary judgment must begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts. If the opposing party controverts a given fact, it must properly support its denial in accordance with Fed. R. Civ. P. 56(c). Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment.

Local Rule 56(b)(1). As Plaintiff has not specifically controverted any of the facts set forth in the statement of uncontroverted facts by Defendant, they will be deemed admitted for the purpose of summary judgment.

## I. Failure to State a Claim

Defendant argues that whether Plaintiff is arguing a false arrest claim under 42 U.S.C. § 1983 or under a malicious prosecution theory, a finding of probable cause would defeat either claim. Specifically, Defendant asserts that it was objectively reasonable under the circumstances to infer that Plaintiff intended to frighten those at the Courthouse with his statements about burning the courthouse down. Plaintiff argues that Defendant's reliance on an overheard conversation lacks legal grounding asserting that no affidavit, police report, or credible witness establishes probable cause for new accusations. Plaintiff also argues that double jeopardy bars any relitigating of this claim that Defendant is hiding critical evidence that undermines his claims.

A false arrest occurs when there is a confinement without legal justification. *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 757 (8th Cir. 2001) (citing *Desai v. SSM Health Care*, 865 S.W.2d

833, 836 (Mo. Ct.App.1993)). The unlawfulness of the restraint is a key element in a cause of action for false arrest. *Id*. A police officer who has probable cause to believe that a suspect has committed a crime is not liable for a false arrest simply because the suspect is later proven innocent or the charges are dismissed. *Kurtz* 245 F.3d at 757 (citing *Hannah v. City of Overland*, 795 F.2d 1385, 1389 (8th Cir. 1986). Likewise, an action for malicious prosecution must show that the prosecution lacked probable cause to survive summary judgment. *Kurtz* 245 F.3d at 757; *see also Sanders v. Daniel Int'l Corp.*, 682 S.W.2d 803, 807 (Mo. 1984). Probable cause exists "when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Brown v. City of St. Louis, Missouri*, 40 F.4th 895, 900 (8th Cir. 2022) (quoting *Nader v. City of Papillion*, 917 F.3d 1055, 1058 (8th Cir. 2019)). "To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Id*. (quoting *District of Columbia v. Wesby*, ---U.S.----, 138 S.Ct. 577, 589, 199 L.Ed.2d 453 (2018). "The existence of probable cause depends upon the reasonable conclusions be drawn from the facts known to the arresting officer at the time of the arrest." *Id*. (quoting *Bell v. Neukirch*, 979 F.3d 594, 603 (8th Cir. 2020).

Here, Plaintiff is mistaken regarding his assertion that there is no affidavit, police report, or credible witnesses that establish probable cause. As submitted as part of his Motion for Summary Judgment, Defendant has provided the Offense Incident Report, Ms. Overcast's Statement, Ms. Osburn Statement, the Probable Cause Statement, the Felony Complaint, the Felony Information, Defendant's Affidavit, a copy of Mo. Rev. Stat. §§ 574.115 and 574.120, sections of Plaintiff's deposition testimony, and Plaintiff's Motion to Refile Claim and Address

4

Issues. (Docs 60-1 through 60-11). In review of the exhibits, they show the offense/incident reports that details Detective Long's investigation on January 4, 2023. (Doc. 60-1). The statements from Ms. Overcast and Ms. Osburn detailing their interaction with Plaintiff stating, "that's why people will burn the Courthouse down." (Docs. 60-2 and 60-3). Detective Long's Probable Cause Statement regarding the incident on January 4, 2023, to which he stated he has probable cause to believe that Plaintiff made a terroristic threat. (Doc. 60-4). Defendant has also supplied the Court with the Complaint and Request for Warrant by Matthew Weatherman, the Prosecuting Attorney for Douglas County. (Doc. 60-5). Defendant also has submitted an affidavit in which he states that on January 10, 2023 "the Douglas County Prosecuting Attorney advised me to arrest [Plaintiff] for making terroristic threat. Subsequently, I arrested Aaron Meier for making a terroristic threat on that date." (Doc. 60-7). After review of the exhibits, the Court finds that there is no genuine issue of material fact that Defendant had probable cause to arrest Plaintiff on January 10, 2023.

Additionally, Plaintiff misunderstands the doctrine of double jeopardy. The United States Constitution provides "nor shall any person be subject to the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It protects against the "imposition of multiple *criminal*, punishments for the same offense, and then only when such occurs in successive proceedings. *Students for Sensible Drug Pol'y Found v. Spellings*, 523 F.3d 896, 899 (8th Cir. 2008) (quoting *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct.488, 139 L.Ed.2d 450 (1997) (emphasis in original)). Plaintiff brings this civil action seeking damages for his alleged wrongful arrest. As this is a civil matter, the doctrine of double jeopardy does not apply.

Lastly, Plaintiff makes a claim that Defendant is hiding critical evidence that undermines his claims. Plaintiff claims that the video shows no probable cause existed for the alleged threat. However, Plaintiff fails to explain how this video would create a genuine dispute over the

5

circumstances leading to Plaintiff's arrest, or the fact that Defendant arrested Plaintiff for making a terroristic threat. The exhibits produced are ample evidence that would provide probable cause under the totality of the circumstances at the time of the arrest of Plaintiff. The Court finds that viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. For these reasons, Defendant's Motion for Summary Judgment for Failure to State a Claim is **GRANTED**.

## II.  Qualified Immunity

Alternatively, Defendant argues that even if probable cause did not exist, he would still be entitled to qualified immunity for any individual claim theory as long as he had arguable probable cause to make the arrest. Plaintiff argues that Defendant is not entitled to qualified immunity. The Court already having granted Defendant's Motion for Summary Judgment based on a failure to state a claim need not further address whether Defendant was entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. Summary Judgment is hereby entered in favor of Defendant.

**IT IS SO ORDERED**.

DATED: June 9, 2025

>                                */s/ Douglas Harpool*
>                                **DOUGLAS HARPOOL**
>                                **UNITED STATES DISTRICT JUDGE**